```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Gary D. Wilder,                  :

      Plaintiff,              :

   v.                            :         Case No. 2:12-cv-0064

Terry Collins, et al.,           :         JUDGE JAMES L. GRAHAM
                                                  Magistrate Judge Kemp

      Defendants.             :

<u>REPORT AND RECOMMENDATION</u>

    Gary D. Wilder, a state prisoner, brought this action under 42 U.S.C. §1983 against various prison officials who, he claims, violated his constitutional rights with respect to medical care. The complaint also asserts state law claims against persons who are not employees or agents of any state or local governmental entity.  The case is before the Court for the initial screening required by 28 U.S.C. §1915A.  For the following reasons, it will be recommended that the case be dismissed as barred by the applicable two-year statute of limitations, and for other reasons as well.

I.

    28 U.S.C. §1915A requires the Court to screen any prisoner case in which redress is sought from "a governmental entity or officer or employee of a governmental entity."  If the Court finds that the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, the Court is required to dismiss the complaint without ordering that it be served on the defendants.  This applies even when, as here, the full filing fee has been paid.  "A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not

differentiate between various civil actions brought by prisoners." McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997).

## II.

Mr. Wilder's complaint, fairly summarized, alleges the following facts. While a prisoner at the Chillicothe Correctional Institution, Mr. Wilder developed severe leg pain. He was seen by the institution doctor who diagnosed back problems, prescribed medication, and placed Mr. Wilder on "medical idle." A second doctor later took x-rays and concluded that there was nothing wrong with Mr. Wilder's leg. The pain continued and Mr. Wilder reported to the prison hospital but was turned away based on the doctors' belief that nothing was wrong with him.

He grieved these events and was told that nothing would be done for him. Eventually, however, he was transported to the Corrections Medical Center and given an ultrasound test, which revealed blood clots in his leg. While being transported to the Ohio State University Medical Center, the clots turned into an aneurysm. A bypass operation was done, apparently not successfully, and ultimately Mr. Wilder's leg was amputated above the knee. He was finally returned to prison on or about May 1, 2008.

Mr. Wilder consulted an attorney, David Washington, about filing suit over these events. Mr. Washington turned the case down. Other attorneys then refused to take the case because the statute of limitations on medical malpractice claims had expired. He claims the actions of the various defendants violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment and his First Amendment right of access to the courts.

## III.

Mr. Wilder is attempting to assert constitutional claims against the defendants, which claims are made actionable by 42 U.S.C. §1983.  The statute of limitations applicable to claims arising under 42 U.S.C. §1983 is the two-year statute of limitations found in Ohio Revised Code §2305.10.  <u>Browning v. Pendleton</u>, 869 F.2d 989 (6th Cir. 1989).  Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process.  <u>See, e.g., Watson v. Wayne County</u>, 90 Fed. Appx. 814, *1 (6th Cir. January 26, 2004) ("If a statute of limitations  defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte"), <u>citing Pino v. Ryan</u>, 49 F.3d 51, 53-54 (2d Cir. 1995).  This Court has applied that rule in cases brought by prisoners and screened under §1915A.  <u>See, e.g., Smith v. Warren County Sheriff's Dept.</u>, 2010 WL 761894 (S.D. Ohio March 2, 2010).  Thus, the Court must look to the allegations in the complaint to determine whether the action has been filed within the applicable two-year period.

Here, although the complaint makes one isolated reference to the events about which Mr. Wilder complains having occurred in "April, 2011," this is clearly a typographical error.  The balance of the complaint refers to events which began on April 1, 2008, and which led to the amputation of a portion of his left leg later that month. As his complaint states, he was discharged from the OSU medical center and returned to the prison system at either the end of April or the beginning of May, 2008.  The exhibits attached to the complaint confirm these dates; they show that as early as February 18, 2009, he asked an attorney to review the case for a potential malpractice claim.  Therefore, it is reasonable to conclude that all of the alleged improper medical care culminating in what Mr. Wilder claims was the

unnecessary amputation of his left leg above the knee occurred in April, 2008.

Mr. Wilder's complaint is not dated, although it was received by this Court on January 20, 2012. Even assuming that it was placed in the hands of prison officials for mailing shortly before that date, it is clear that it was not filed within two years of the events in question, and that the statute of limitations, unless tolled for some reason, would bar further prosecution of this case.

Recognizing this problem, Mr. Wilder also filed a motion for equitable tolling of time. In that filing, he argues that his efforts to obtain an attorney to file the case in a timely manner justify an extension of the statute of limitations because the attorney's failure to act is a denial of the right of access to the courts, and that the time for his filing of a complaint is tolled by statute during the term of his imprisonment. Neither of these arguments is correct.

"Although the date of accrual for a §1983 claim is a matter of federal law, state tolling principles apply to determine the timeliness of claims." Davis v. Clark County Bd. of Com'rs, 2010 WL 333651, *12 (S.D. Ohio Jan 21, 2010), citing Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). Thus, the question is whether Ohio would recognize tolling of the statute of limitations found in §2305.10 based on the facts alleged by Mr. Wilder.

Davis also supplies the answer to this question. There, this Court held that

> Typically, equitable tolling applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir.2000) (citations omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." Id. at 561. Additionally, "neither 'excusable neglect' nor ignorance of the law

> are sufficient to invoke equitable tolling." See Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling"); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir.2000) (equitable tolling should apply only where petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time).
>
> There are five factors to consider when determining the appropriateness of tolling a statute of limitations: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

Davis, at *12.

Here, Mr. Wilder has identified only two reasons why the statute of limitations should be tolled: the failure of his attorney to file an action in a timely fashion despite Mr. Wilder's best effort to have him do so, and the fact of Mr. Wilder's imprisonment.  As to his imprisonment, the statutory section Mr. Wilder cites in support of that argument applies only to actions brought against prisoners, not actions in which they are the plaintiffs.  See Ohio Rev. Code §2305.15(B)("When a person is imprisoned for the commission of any offense, the time of the person's imprisonment shall not be computed as any part of any period of limitation, as provided in section 2305.09, 2305.10, 2305.11, 2305.113, or 2305.14 of the Revised Code, within which any person must bring any action *against* the imprisoned person")(emphasis supplied).  As to his efforts to retain counsel to file suit, the various factors which make up the equitable tolling doctrine do not recognize such efforts as a reason for tolling the statute of limitations.

-5-

> Again, this Court has held that
>
> > [i]n almost any case, a party who fails to file his or her claim within the statute of limitations can assert reasons for that failure. In order for equitable tolling to be properly limited to extraordinary cases, the facts must go beyond simply explaining why the plaintiff failed to file within the limitations period, and must demonstrate that, through no fault of the plaintiff's, it was neither practical nor possible for the plaintiff to satisfy the filing requirement.

Todd v. Baker, 2007 WL 188740, *2 (S.D. Ohio January 22, 2007). In that case, the plaintiff argued that the failure of his attorney to advise him of the existence of a viable claim until after the statute of limitations had run justified extended the statute. This Court disagreed, noting that "[e]quitable tolling usually addresses cases where a party is prevented from asserting his rights 'in some extraordinary way' rather than because of poor advice or inaction on the part of others upon whom the plaintiff may rely." Id., citing, inter alia, Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

The actions of the plaintiff's own attorney are not the type of extraordinary events which can be used to toll the running of the statute of limitations, especially because those actions cannot be attributed to the defendants, who stand to be disadvantaged if the Court were to permit the case to be filed after the limitations period had otherwise run. See, e.g., Seoane-Vazquez v. Ohio State University, 2011 WL 249473 (S.D. Ohio January 25, 2011); see also Keyse v. California Texas Oil Corp., 590 F.2d 45 (2d Cir. 1978)(equitable tolling is generally unavailable to a plaintiff who was represented by counsel). Ohio courts generally follow the same principles, and have cited with approval the Supreme Court's decision in Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990), to the effect that "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect" committed by a

party's own attorney.  See Byers v. Robinson, 2008 WL 4328189, *13-14 (Franklin Co. App. Sept. 23, 2008).  Thus, even if Mr. Wilder's attorney failed, for some reason other than active misconduct on the part of the defendants, to file this case on time, that does not permit Mr. Wilder to file suit himself after the statute of limitations has run.

   Mr. Wilder appears to claim, however, that the actions of his attorney in failing to file suit constitute a violation of his right to access the courts, and that this violation, because it is of constitutional dimension, should justify an extension of the limitations period.  Again, this is simply incorrect.  The constitutional provision which permits citizens, including those in prison, to access the courts, prevents a denial of such access only by those who act under color of state law or who engage in "state action."  This Court has held that "[i]n order to bring a successful action under §1983 for an alleged constitutional violation, the defendant must be acting 'under the color of law.' In other words, '[l]ike the state action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful."'  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)(citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982))...."  Appelgarth v. Hughes, 2006 WL 3491149, *1 (S.D. Ohio Dec. 1, 2006), adopted and affirmed 2007 WL 120778 (S.D. Ohio Jan. 10, 2007).  As the Court stated in that case, because the attorney accused of violating the plaintiff's constitutional rights was "a privately retained attorney.... [t]here is no government involvement or action" and no constitutional violation.  Id. at *2.  See also Halter v. Sarqus, 2007 WL 2323389 (S.D. Ohio August 9, 2007).  Consequently, Mr. Wilder cannot claim that his constitutional right of access to the courts was violated by Mr. Washington's failure to file a

complaint within the applicable limitations period.  For the same reason, he has no valid constitutional claim against Mr. Washington or any of the other private-citizen defendants, even if their alleged actions or inactions occurred somewhat later in time that the ones he attributes to the defendants who are or were employed by the Ohio Department of Rehabilitation and Correction.  Further, any state law claims he might have against any of the defendants should not be heard by this Court because there is no viable federal law claim pleaded in the complaint.  See 28 U.S.C. §1367(c)("The district courts may decline to exercise supplemental jurisdiction over a claim [over which there is no original jurisdiction] if ... (3) the district court has dismissed all claims over which it has original jurisdiction").

IV.

For the reasons set forth above, it is recommended that all of the federal law claims asserted in this case be dismissed under 28 U.S.C. §1915A for failure to state a claim upon which relief can be granted - those claims being barred by the statute of limitations - and that any state law claims be dismissed without prejudice under 28 U.S.C. §1367(c)(3).  It is further recommended that if this recommendation is adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to each of the defendants.

V.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

>                /s/ Terence P. Kemp
>                United States Magistrate Judge