IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary D. Wilder,                        :

      Plaintiff,                  :

    v.                                 :        Case No. 2:12-cv-0064

Terry Collins, et al.,                 :        JUDGE JAMES L. GRAHAM
                                                Magistrate Judge Kemp
      Defendants.                 :


OPINION AND ORDER

    On May 8, 2012, this Court dismissed all claims in this case as either time-barred or frivolous, depending on what time frame those claims arose in. Wilder v. Collins, 2012 WL 1606035 (S.D. Ohio May 8, 2012). Plaintiff subsequently filed a notice of appeal, which, at least based on the filing date (June 8, 2012) was one day late. The Court denied his accompanying motion for an extension of time within which to file a notice of appeal because it was filed outside the initial 30-day filing period and because he had not demonstrated extraordinary circumstances justifying an extension. (Doc. 20).

    On October 19, 2012, Plaintiff moved for reconsideration of that order. In this motion, he argues that he had delivered his "legal mail" (by which the Court assumes he means both the notice of appeal and the motion for an extension of time) to the prison mailroom on June 5, 2012, but that his mail was held for a short period of time so that the prison could assess the mailing costs to his prison account. Under the "mailbox rule," see Houston v. Lack, 487 U.S. 266 (1988), delivery of a notice of appeal to prison mail officials is deemed the equivalent of filing. Therefore, he contends that he did file his notice of appeal in a timely fashion. As evidence, he has submitted a copy of a cash withdrawal slip dated June 5, 2012. The Court also notes that

the certificate of service on his notice of appeal is dated June 6, 2012, which is one day before the expiration of the thirty-day appeal period.

Given these new facts, the Court concludes that the notice of appeal was timely filed, and that the motion for an extension of time should have been denied as moot.  Plaintiff has also paid the appellate filing fee.  Because he is a prisoner, however, and has filed this action against state officials, were he seeking leave to proceed on appeal *in forma pauperis,* the Court would still have to determine if his appeal had been filed in good faith. See 28 U.S.C. §1915(a)(3).  However, by paying the filing fee, Mr. Wilder is not seeking leave to proceed in that fashion. As the Court of Appeals has noted, a prisoner always has the option of "'pay[ing] the full filing fee and any relevant costs and proceed[ing] on appeal for plenary review ....'" Owens v. Keeling, 461 F.3d 763, 774 (nth Cir. 2006), quoting 16A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE §3970 (3d Ed. 1999).  Thus, no certification from this Court is needed.

For these reasons, the Court **GRANTS** the motion for reconsideration (Doc. 21) and reconsiders its order denying the motion for extension of time to the extent that such denial is now based on grounds of mootness, given the timely filing of the notice of appeal.

**IT IS SO ORDERED.**


Date: December 13, 2012                    s/James L. Graham
                                  _____
                                  James L. Graham
                                  United States District Judge

-2-